MORGAN, LEWIS & BOCKIUS LLP
Jennifer B. Zargarof, Bar No. 204382
jennifer.zargarof@morganlewis.com
Thea S. Alli, Bar No. 326771
thea.alli@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:    +1.213.612.2500
Fax:   +1.213.612.2501

Attorneys for Defendant
LONGS DRUG STORES CALIFORNIA, LLC
erroneously sued as CVS HEALTH SOLUTIONS, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIUS PEROFETA, individually and on behalf of all similarly situated individuals,<br><br>Plaintiff,<br><br>vs.<br><br>LANCESOFT, INC., CVS HEALTH SOLUTIONS, LLC, and DOES 1 to 100,<br><br>Defendants. | Case No.: 22-299<br><br>**DEFENDANT LONGS DRUG STORES CALIFORNIA, LLC'S NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>State Case No.: CV-22-001330<br><br>State Complaint Filed:  March 25, 2022<br><br>State Action Served:  March 29, 2022 |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 43090494.1

DEFENDANT LONGS DRUG'S
NOTICE OF REMOVAL

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. Section 1332(d), 1441, 1446, and 1453, Defendant Longs Drug Stores California, LLC, erroneously sued as CVS Health Solutions, LLC (hereinafter "Defendant") hereby removes the above-entitled action from the Stanislaus County Superior Court to the United States District Court for the Eastern District of California. This Court has jurisdiction over the action pursuant to the Class Action Fairness Act of 2005 ("CAFA"). Removal is based on the following grounds:

## I.    PROCEDURAL BACKGROUND

1.    On March 25, 2022, Plaintiff Demetrius Perofeta ("Plaintiff") filed an unverified putative class action complaint for damages in the Superior Court of the State of California, County of Stanislaus, entitled *DEMETRIUS PEROFETA, individually and on behalf of all similarly situated individuals, v. LANCESOFT, INC., CVS HEALTH SOLUTIONS, LLC, and Does 1-100*, Case No. CV-22-001330 (the "Complaint").

2.    On March 29, 2022, Plaintiff served CVS Health Solutions, LLC, with a copy of Plaintiff's Complaint, Summons, and accompanying case initiation documents. A copy of Plaintiff's Complaint, Summons and accompanying case initiation documents is attached as **Exhibit A** to the Declaration of Jennifer Zargarof ("Zargarof Decl."), concurrently filed herewith.

3.    On April 28, 2022, Defendant filed an Answer to Plaintiff's Complaint in the Superior Court for the State of California, County of Stanislaus. A copy of Defendant's Answer is attached as **Exhibit B** to the Zargarof Decl., concurrently filed herewith.

4.    Plaintiff alleges that he worked for Defendants, as a "stocker" and a nonexempt employee. The Complaint defines "Defendants" to mean both Lancesoft, Inc. ("Lancesoft") and CVS Health Solutions, LLC. Zargarof Decl., Ex. A, Complaint ("Compl.") ¶¶ 2-3. Plaintiff seeks to bring this class action on behalf of "all nonexempt individuals who worked for Defendants in California..." *Id.* ¶ 9. Notably, CVS Health Solutions, LLC, has not and does not employ any workers at the Patterson Distribution Center. Reveira Decl., ¶ 4. Longs Drug Stores

California, LLC is the CVS entity that employs the non-exempt employees at the CVS Patterson Distribution Center. Plaintiff worked at Patterson through Lancesoft, Inc., Mr. Perofeta's employer. *Id.* ¶ 3.

5. Plaintiff asserts that he and alleged putative class members were not permitted off-duty meal and rest breaks, were not paid minimum and overtime wages for all hours worked, were not provided with accurate wage statements, and were not timely paid earned wages at the time of termination. *Id.* ¶¶ 9-16. Plaintiff alleges the following violations in six causes of action against Defendants: (1) Failure to Provide Rest Breaks; (2) Failure to Provide Meal Breaks; (3) Unpaid Wages; (4) Itemized Wage Statement Violations; (5) Waiting Time Penalties; and (6) Violation of the California Unfair Competition Law. *Id.* ¶¶ 23-59.

6. Based on Plaintiff's theory he and other putative class members were jointly employed by Lancesoft and Longs Drug Stores California, LLC, erroneously sued as CVS Health Solutions, LLC, Defendant has calculated the amount in controversy as set forth below. Defendant denies that it employed or Plaintiff or any other Lancesoft employee. Defendant reserves the right to provide additional calculations if Plaintiff's theory changes.

## II. REMOVAL IS TIMELY

7. CVS Health Solutions, LLC, was served with the Summons and Complaint on March 29, 2022. Because this Notice of Removal is filed within thirty days of service of the Summons and Complaint, it is timely under 28 U.S.C. §§ 1446(b) and 1453. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). No previous Notice of Removal has been filed or made with this Court for the relief sought in this removal notice.

## III. THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER CAFA

8. Plaintiff, a Lancesoft employee who worked at the CVS Patterson Distribution Center, has brought a putative class action on behalf of "all nonexempt individuals who worked for Defendants in California," and behalf of a subclasses of "all class members who were terminated or quit any time within three years before the filing date of this complaint," "all members of the class who worked a shift of 3.5 hours or greater . . .," and "all members of the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 43090494.1

3

DEFENDANT LONGS DRUGS'
NOTICE OF REMOVAL

class who worked a shift of 5 hours or greater. . . ." *See* Zargarof Decl., Ex. A, Compl. ¶¶ 19-20. Here, removal based on Class Action Fairness Act ("CAFA") diversity jurisdiction is proper pursuant to 28 U.S.C. §§ 1441, 1446, and 1453 because (i) the aggregate number of putative class members is 100 or greater; (ii) diversity of citizenship exists between one or more Plaintiffs and one or more Defendants; and (iii) the amount placed in controversy by the Complaint exceeds, in the aggregate, $5 million, exclusive of interest and costs. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), and 1453. Defendant denies Plaintiff's factual allegations and denies that Plaintiff, or the class he purports to represent, are entitled to the relief requested. However, based on Plaintiff's allegations in the Complaint and his respective prayer for relief, all requirements for jurisdiction under CAFA have been met.[1] Accordingly, diversity of citizenship exists under CAFA, and this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2).

### A. The Proposed Class Contains At Least 100 Members.

9. Plaintiff asserts claims on behalf himself and "all others who worked for Defendants in California," under Cal. Code Civ. Proc. § 382. *See* Zargarof Decl., Ex. A, Compl. ¶ 19. A review of Defendant's records shows that, based on Plaintiff's definition, the proposed class contains well over 100 current and former employees. Zargarof Decl., ¶ 6.

### B. Diversity of Citizenship Exists.

10. To satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists; that is, one putative class member is a citizen of a state different from that of one defendant. 28 U.S.C. § 1332(d)(2); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090–91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)); *United Steel, Paper & Forestry, Rubber, Mfg.,*

---

[1] Defendant does not concede, and reserve the right to contest at the appropriate time, Plaintiff's allegations that this action can properly proceed as a class action. Indeed, Plaintiff's claims and those of alleged class members are subject to binding arbitration agreements. Further, Defendant does not concede that any of Plaintiff's allegations constitute a cause of action against it under applicable California law.

1  *Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090–91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)).

11. "An individual is a citizen of the state in which he is domiciled . . . ." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). Evidence of continuing residence creates a presumption of domicile. *Washington v. Havensa LLC*, 654 F.3d 340, 345 (3rd Cir. 2011).

12. Plaintiff admits that he has resided in California at all relevant times and alleges he worked for Defendant in California. Zargarof Decl., Ex. A, Compl. ¶¶ 1 and 7. The Complaint does not allege any alternate state citizenship. Therefore, the Plaintiff is a citizen of California for diversity jurisdiction purposes.

13. Moreover, Plaintiff has brought claims on behalf of alleged putative class members who worked for Defendants as non-exempt employees in California. Zargarof Decl., Ex. A, Compl. ¶ 19. Thus, at least one putative class member is a citizen of California for diversity jurisdiction purposes.

14. Pursuant to 28 U.S.C. § 1332, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The "principal place of business" for the purpose of determining diversity subject matter jurisdiction refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities…[I]n practice it should normally be the place where the corporation maintains its headquarters- provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings[.]" *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93, 130 S. Ct. 1181, 1192 (2010).

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

5

DEFENDANT LONGS DRUG'S
NOTICE OF REMOVAL

DB2/ 43090494.1

15. Longs Drug Store California, LLC, is, and was at the time Plaintiff filed the Complaint, a limited liability company organized under the laws of the State of California. For purposes of diversity jurisdiction, however, a limited liability company ("LLC") takes on the same citizenship as its owners/members. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Longs Drug Stores California, LLC is a single-member LLC, whose sole member is Longs Drug Stores, LLC. Longs Drug Store, LLC's is a single-member LLC organized under the laws of the State of Maryland and whose sole member is CVS Pharmacy, Inc. CVS Pharmacy, Inc., is now, and was at the time Plaintiff filed the Complaint, a corporation organized under the laws of the State of Rhode Island, with its principal place of business in Woonsocket, Rhode Island. Thus, at all times relevant hereto, CVS Pharmacy, Inc. has been a citizen of Rhode Island, and not a citizen of California. 28 U.S.C. § 1332(c)(1). Accordingly, Longs Drug Store California, LLC is also a citizen of the State of Rhode Island, and not a citizen of the State of California. *See Johnson*, 437 F.3d at 899.

16. CVS Health Solutions, LLC, which was erroneously named in this action, is now, and was at the time Plaintiff filed the Complaint, a limited liability company organized under the laws of the State of Delaware. Zargarof Decl., Ex. A, Compl. ¶3. Thus, at all times relevant hereto, CVS Health Solutions, LLC, has not been a citizen of California. 28 U.S.C. § 1332(c)(1).

17. Lancesoft, Inc., is not and was at the time Plaintiff filed the Complaint, a corporation organized under the laws of the State of Virginia. Zargarof Decl., Ex. A, Compl. ¶2. Thus, at all times relevant hereto, Lancesoft, Inc., has been a citizen of Virginia, and not a citizen of California. 28 U.S.C. § 1332(c)(1).

18. In determining whether a civil action is properly removable on the basis of diversity jurisdiction under 28 U.S.C. § 1332, courts disregard the citizenship of defendants sued under fictitious names. 28 U.S.C. § 1441(b)(1). The citizenship of "Does 1 through 100" named in the Complaint is therefore immaterial with respect to removal.

19. Because Plaintiff is, and was at the time he filed the Complaint, a citizen of California; because Longs Drug Store California, is, and was at the time Plaintiff filed the Complaint, a citizen of Rhode Island; because Lancesoft, Inc., is and was at the time Plaintiff

filed the Complaint, a citizen of Virginia diversity of citizenship exists between the parties and existed at the time the Complaint was filed, diversity of citizenship is satisfied and diversity jurisdiction exists under CAFA. 28 U.S.C. § 1332(d)(2)(A) (requiring only "minimal diversity" under which "any member of a class of plaintiffs is a citizen of a State different from any Defendant").

### C. The Amount In Controversy Exceeds $5 Million.

20. Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). Because Plaintiff does not expressly plead a specific amount of damages, a removing party need only show that it is more likely than not that the amount in controversy exceeds $5 million. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).

21. A removing party seeking to invoke CAFA jurisdiction "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 135 S. Ct. at 554. "If a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case." Senate Judiciary Report, S. REP. 109-14, at 42 (2005) (citation omitted).

22. A removing defendant is "not required to comb through its records to identify and calculate the exact frequency of violations." *Oda, et al. v. Gucci Am., Inc.*, 2015 U.S. Dist. LEXIS 1672, at *12 (C.D. Cal. Jan. 7, 2015); *see Sanchez v. Russell Sigler, Inc.*, 2015 WL 12765359, *2 (C.D. Cal. April 28, 2015) ("[A] removing defendant is not obligated to research, state and prove the plaintiff's claims for damages.") (citation omitted). *See also LaCross v. Knight Transportation Inc.*, 775 F.3d 1200, 1203 (9th Cir. 2015) (rejecting plaintiff's argument for remand based on the contention that the class may not be able to prove all amounts claimed: "Plaintiffs are conflating the amount in controversy with the amount of damages ultimately recoverable."); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (in alleging the amount in controversy, Defendants "are not stipulating to damages suffered, but only

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 43090494.1

7

DEFENDANT LONGS DRUG'S
NOTICE OF REMOVAL

estimating the damages in controversy."). The ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what a defendant will actually owe. *LaCross*, 775 F.3d at 1202 (internal citation omitted) (explaining that courts are directed "to first look to the complaint in determining the amount in controversy.").

23. Although Defendant denies Plaintiff's factual allegations and denies that he or the class he seeks to represent are entitled to the relief for which Plaintiff has prayed, as detailed below, Plaintiff's allegations and prayer for relief have "more likely than not" put into controversy an amount that easily exceeds the $5 million threshold when aggregating the claims of the putative class members as set forth in 28 U.S.C. § 1332(d)(6).[2]

### 1. Demonstrating The Amount In Controversy.

24. Plaintiff seeks to represent all employees of Defendant who "all nonexempt individuals who worked for Defendants in California..." Zargarof Decl., Ex. A, Compl. ¶ 19. Plaintiff further alleges that his claims "are typical of the claims of class members" (*Id.* ¶ 21) and seeks, among other things, compensatory damages, penalties, and attorneys' fees, costs and interest. *Id.*, Prayer for Relief.

#### a. Plaintiff's Fourth Cause of Action For "Waiting Time Penalties" Puts More Than $5,000,000 in Controversy.

25. Plaintiff alleges that Defendant "willfully did not pay Plaintiff and the class members who are no longer employed by Defendants their wages [missed meal and rest break premiums] once they stopped working for Defendants." *Id.* ¶ 46. Under California Labor Code § 203, if an employer fails to pay all wages due upon termination in a timely manner, "the wages of

---

[2] This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiff's Complaint. Defendant's references to specific damage amounts and citation to comparable cases are provided solely for establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum. Defendant maintains that each of Plaintiff's claims is without merit and that Defendant is not liable to Plaintiff or any putative class member. Defendant expressly denies that Plaintiff or any putative class member are entitled to recover any of the penalties they seek in the Complaint. In addition, Defendant denies that liability or damages can be established on a class-wide basis. No statement or reference contained in this removal notice shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Defendant's] liability." *Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 43090494.1

8

DEFENDANT LONGS DRUG'S
NOTICE OF REMOVAL

the employees shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced" for up to 30 days.  Cal. Labor Code § 203.

26. According to CVS' records, of the individuals who fall within Plaintiff's class definition (i.e., all nonexempt individuals who worked for Defendants – here, employees of CVs entity Longs Drug Stores California, LLC), at least 1,284 are former employees, *i.e.*, potentially entitled to waiting time penalties pursuant to Cal. Labor Code § 203. *Id*. ¶¶ 46 and 55-59.  The average hourly rate of pay for individuals within Plaintiff's class definition is $16.70. *Id*.  As such, the amount in controversy by Plaintiff's cause of action for Failure to Pay Wages Due At Termination can be calculated as follows:

**$16.70 per hour * 8 hours per day * 30 days * 1,284 individuals = $5,146,272.**

27. Thus, Plaintiff's causes of action for Waiting Time Penalties for CVS's employees (not Lancesoft's) alone puts over $5 million at issue, thereby satisfying the CAFA's amount in controversy requirement.

b. **Plaintiff's Other Causes of Action Put Additional Amounts in Controversy, Clearly Exceeding the CAFA Threshold.**

28. In addition to the foregoing amount, Plaintiff's other causes of action place yet more amounts in controversy, further demonstrating that the CAFA threshold is satisfied.  The claims as to Lancesoft's employees (i.e. the temporary employees employed by the agency and not included in CVS's data) mean additional sums are in controversy as to all claims.  Plaintiff's First, Second, Third, and Fifth Causes of Action all place additional amounts in controversy.  Plaintiff's First and Second Causes of Action for Failure to Provide Meal Periods and Failure to Provide Rest Breaks allege that Defendant failed to authorize and permit off-duty meal or rest breaks or to pay the premium compensation due for missed meal or rest breaks, and therefore, Plaintiff and the putative class members are entitled to "unpaid premium compensation" and/or "penalties" authorized by law." *Id.* ¶¶ 28 and 34.

29. Plaintiff's Third Cause of Action for Unpaid Wages alleges that alleges that he and other class members were not paid for time spent undergoing check-in procedures before entering and exiting the premises, and therefore, Plaintiff and the putative class members are entitled to

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

9

DEFENDANT LONGS DRUG'S
NOTICE OF REMOVAL

DB2/ 43090494.1

"the unpaid balance of the full amount of damages owed, including interest" and penalties. *Id.* ¶¶ 42-43.

30. Plaintiff's Fifth Cause of Action for Itemized Wage Statement Violations alleges that Defendant failed to provide Plaintiff and putative class members with accurate wage statements, and as a result, Plaintiff and putative class members "all damages or penalties pursuant to Labor Code § 226…" *Id.* ¶¶ 52-53. Plaintiff's allegations place in controversy every single wage statement received by Defendant's employees during the statute of limitations period of a wage statement claim (one year from date of filing of this lawsuit to present) because Plaintiff alleges that the wage statements provided by Defendant did not contain an accurate reflection of employees' wages earned. Plaintiff place no limitations on these allegations.

31. Additionally, Plaintiff seeks recovery of attorneys' fees. Zargarof Decl., Ex. A Compl., Prayer for Relief. Attorneys' fees are properly included in determining the amount in controversy. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007). Estimated future attorneys' fees are properly included in determining the amount in controversy, including for class actions seeking fees under Labor Code Section 226. *See Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 793-794 (9th Cir. 2018) ("Because the law entitles [the plaintiff] to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy."). The Ninth Circuit held that future fee estimates can be based on "customary rates and proper fees," and that "a percentage-based method," such as 25% of the amount in controversy, may also be relevant when estimating the amount of fees included in the amount in controversy. *Id.* at 795 and 796, fn.

32. Defendant denies Plaintiff's claim for attorneys' fees. However, for purposes of removal, even though Defendant has already demonstrated by a preponderance of the evidence that the amount in controversy exceeds $5,000,000, Defendant notes that the inclusion of future attorneys' fees would increase the amount in controversy by a material amount.

## IV. VENUE

33. This action was originally filed in the Superior Court for the County of Stanislaus. Initial venue is therefore proper in this district, pursuant to 28 U.S.C. § 1441(a), because it encompasses the county in which this action has been pending.

## V. NOTICE

34. Defendant will promptly serve this Notice of Removal on all parties and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

## VI. CONCLUSION

35. Based on the foregoing, Defendant request that this action be removed to this Court. If any question arises as to the propriety of the removal of this action, Defendant respectfully request the opportunity to present a brief and oral argument in support of their position that this case is subject to removal.

Dated: April 28, 2022                                   MORGAN, LEWIS & BOCKIUS LLP

By */s/ Jennifer B. Zargarof*
Jennifer B. Zargarof
Thea S. Alli
Attorneys for Defendant
LONGS DRUG STORES CALIFORNIA, LLC erroneously sued as CVS HEALTH SOLUTIONS, LLC

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

11

DEFENDANT LONGS DRUG'S
NOTICE OF REMOVAL

DB2/ 43090494.1