UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIUS PEROFETA, individually and on behalf of all those similarly situated,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>LANCESOFT, INC., and LONGS DRUG STORES CALIFORNIA, LLC,<br><br>　　　　　Defendants. | Case No. 22-cv-00512-JLT-BAM<br><br>**PRELIMINARY SCHEDULING ORDER** |

This Court conducted a preliminary scheduling conference on September 21, 2022, by video conference. Counsel Max Gavron appeared by video on behalf of Plaintiff Demetrius Perofeta. Counsel Swaja Khanna appeared by video conference on behalf of Defendant Lancesoft, Inc. Counsel Jennifer Zargarof and Thea Alli appeared by video conference on behalf of Defendant Longs Drug Stores California, Inc.

**A.    Consent To Magistrate Judge**

Pursuant to 28 U.S.C. § 636(c), the parties have not consented to conduct all further proceedings in this case, including trial, before the Honorable Barbara A. McAuliffe, United States Magistrate Judge.

///

///

///

1

**B.     Fed. R. Civ. P. 26(a)(1) Disclosures**

Initial disclosures have been completed.

**C.     Amendment to the Parties' Pleadings**

All stipulated amendments or motions to amend shall be filed by **January 6, 2023.**

**D.     Discovery Deadlines**

All non-expert discovery, including motions to compel, shall be completed no later than **September 8, 2023.** Compliance with these discovery cutoffs requires motions to compel be filed and heard sufficiently in advance of the cutoff so that the Court may grant effective relief within the allotted discovery time.  A parties' failure to have a discovery dispute heard sufficiently in advance of the discovery cutoff may result in denial of the motion as untimely.

**E.     Preliminary Class Certification Dates**

After discussion with counsel, the Court **SETS** the following dates for class certification only:

| | | |
|---|---|---|
| 1. | Class Certification Motion Filing Deadline: | June 16, 2023 |
| 2. | Class Certification Opposition: | August 16, 2023 |
| 3. | Class Certification Reply: | October 16, 2023 |
| 4. | Class Certification Motion Hearing | November 1, 2023<br>Time:  9:00 AM<br>Dept:   4 (JLT) |

During the pendency of the motion for class certification, the parties may conduct depositions of declarants. All mechanisms of non-expert discovery pursuant to the Federal Rules of Civil Procedure, including Federal Rules of Civil Procedure 27 through 36, concerning class certification issues shall be completed by the Non-Expert Discovery Cutoff. Compliance with the Non-Expert Discovery Cutoff requires motions to compel be filed and heard sufficiently in advance of the cutoff so that the court may grant effective relief within the allotted discovery time. A party's failure to have a discovery dispute heard sufficiently in advance of the discovery cutoff may result in denial of the motion as untimely.

///

///

2

**F.     Law and Motion**

Non-dispositive motions are heard on Fridays at 9:00 a.m. in Courtroom 8 before the Honorable Barbara A. McAuliffe, United States Magistrate Judge. Before scheduling such motions, the parties shall comply with Local Rule 230 or Local Rule 251.

Counsel must comply with Local Rule 251 with respect to discovery disputes or the motion will be denied without prejudice and dropped from calendar. In addition to filing a joint statement electronically, a copy of the joint statement shall also be sent Judge McAuliffe's chambers by email to bamorders@caed.uscourts.gov. Counsel for the parties are additionally required to conduct at least one **telephonic or in person conference** as part of their obligations to meet and confer in good faith to resolve their discovery dispute prior to seeking judicial intervention. The parties are further cautioned that boilerplate objections to written discovery will be summarily denied.

Upon stipulation of the parties, Judge McAuliffe will resolve discovery disputes by informal telephonic conference outside the formal procedures of the Local Rules and Federal Rules of Civil Procedure governing noticed motions to compel. The procedures for requesting an informal telephonic conference are set forth in Judge McAuliffe's Case Management Procedures located on the Court's website, http://www.caed.uscourts.gov. If the parties stipulate to an informal ruling on a discovery dispute that arises during a deposition, they may request an informal ruling during the deposition by contacting Judge McAuliffe's Courtroom Deputy, Esther Valdez, by telephone at (559) 499-5788.

The parties are advised that unless prior leave of the Court is obtained, all moving and opposition briefs or legal memorandum in matters before Judge McAuliffe shall not exceed twenty-five (25) pages. Reply briefs by the moving party shall not exceed ten (10) pages. These page limitations do not include exhibits. Briefs that exceed this page limitation, or are sought to be filed without leave, may not be considered by the Court.

Counsel or pro se parties may appear and argue motions before Judge McAuliffe by telephone by dialing the Court's teleconference line at (877) 411-9748 and entering access code 3219139, or by zoom video conference, provided they indicate their intent to appear telephonically or by video conference on their pleadings or by email to evaldez@caed.uscourts.gov at least one week prior to the

hearing. If the parties request video conference, the parties shall be provided with the Zoom ID and password by the Courtroom Deputy prior to the conference.  The Zoom ID number and password are confidential and are not to be shared.  Appropriate court attire required.

### **Motions for Summary Judgment or Summary Adjudication**

Prior to filing a motion for summary judgment or motion for summary adjudication the parties are ORDERED to meet, in person or by telephone, and confer to discuss the issues to be raised in the motion.

The purpose of meeting shall be to: 1) avoid filing motions for summary judgment where a question of fact exists; 2) determine whether the respondent agrees that the motion has merit in whole or in part; 3) discuss whether issues can be resolved without the necessity of briefing; 4) narrow the issues for review by the Court; 5) explore the possibility of settlement before the parties incur the expense of briefing a summary judgment motion; and 6) to arrive at a joint statement of undisputed facts.

The moving party shall initiate the meeting and provide a draft of the joint statement of undisputed facts.  In addition to the requirements of Local Rule 260, the moving party shall file a joint statement of undisputed facts.

In the notice of motion, the moving party shall certify that the parties have met and conferred as ordered above and set forth a statement of good cause for the failure to meet and confer.

**G.     Effect of This Order**

This order represents the best estimate of the Court and counsel as to the agenda most suitable for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the Court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

**The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation.  Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by**

**affidavits or declarations, and where appropriate, attached exhibits, which establish good cause for granting the relief requested.**

The failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated: __September 21, 2022__     ____/s/ Barbara A. McAuliffe____
                                        UNITED STATES MAGISTRATE JUDGE